IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOSEPH WALTERS,            ) | |
|                            ) | |
|     Plaintiff,        ) | |
|                            ) | |
| vs.                        ) | Case No. 09-0506-CV-W-ODS |
|                            ) | |
| M&I MARSHALL & ILSLEY BANK, ) | |
|                            ) | |
|                            ) | |
|     Defendant.       ) | |

## ORDER AND OPINION GRANTING MOTION FOR ORDER TO DISSOLVE TEMPORARY RESTRAINING ORDER

Pending is Defendant's Motion for Order to Dissolve Temporary Restraining Order (Doc. # 3). For following reasons, Defendant's Motion is GRANTED.

## I. BACKGROUND

On May 8, 2008, Plaintiff and Defendant executed a Consumer Credit Agreement ("Credit Agreement") under which Defendant extended to Plaintiff a personal line of credit in the amount of one million dollars. Plaintiff and Defendant also executed a Consumer Pledge and Security Agreement ("Security Agreement"), which granted Defendant a secured interest in Plaintiff's brokerage account ("Securities Account") at DeWaay Financial Network, LLC ("DeWaay"). Plaintiff, Defendant, and DeWaay executed certain control agreements in order to perfect Defendant's security interest in the Securities Account (the "Control Agreements"). The Credit Agreement was for a term of one year, with automatic renewal unless, within thirty days of maturity, Defendant notified Plaintiff of its intent not to renew the loan. On April 3, 2009, Defendant notified Plaintiff of its intent not to renew the Credit Agreement. On May 19, 2009, Defendant informed Plaintiff that June 9, 2009 was the last day for payment of principal and accrued interest and that collection activities could begin if the total amount due was not paid.

On June 17, 2009, Defendant sent a letter to DeWaay directing it not to follow any direction or orders from Plaintiff relating to the Securities Account. On June 26, 2009, Defendant notified Plaintiff he had until June 30, 2009 to pay the loan. Defendant advised Plaintiff that if it did not receive payoff of the loan by June 30, it would direct DeWaay to liquidate sufficient securities in the Securities Account to satisfy the balance of the Credit Agreement.

On June 30, 2009, Plaintiff filed in the Circuit Court of Jackson County, Missouri a petition for injunctive relief and an ex parte Motion for Temporary Restraining Order and Preliminary Injunction asking the court to enjoin Defendant from collecting the debt from the Securities Account. Plaintiff alleged that Defendant rejected Plaintiff's request for a reasonable amount of time to obtain alternative financing from another lender to repay the loan. Plaintiff claims Defendant's refusal to give him additional time was a breach of the duty of good faith and fair dealing implied in the Credit Agreement and Security Agreement. On June 30, the Circuit Court granted the Motion without notice to Defendant. On July 1, 2009, Defendant removed the action to this Court. On July 7, 2009, as required by Rule 65(b)(2), a hearing was held with respect to the Temporary Restraining Order.

## II. DISCUSSION

In determining whether a plaintiff should be granted a temporary restraining order, this Court must weigh "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

### A. Probability of Success on the Merits

The Court concludes Plaintiff has little chance of success on the merits. The Credit Agreement that Plaintiff signed states:

2

> Term: The Term of you Credit Line will begin as of the date of this Agreement ("Opening Date") [May 8, 2008] and will continue as follows: until one year from the date of this Agreement or until such later date as may result from the automatic extension of the term of your Credit Line as provided in this section. The end of the term of your Credit Line is referred to as the "Maturity Date". Each year on the anniversary of the Opening Date, the Maturity Date will be automatically extended for an additional year, unless we notify you, at least 30 days prior to the end of the then-current term, that your Maturity Date will not be extended.

The Agreement also states that "[a]ll indebtedness under this Agreement . . . will be due and payable at the end of this term."

Accordingly, the contract allowed Defendant to choose not to renew the Credit Agreement beyond the one year term. Defendant exercised its right not to extend the Maturity Date and it provided notice to Plaintiff of its intention not to renew on April 3, 2009, over 30 days prior to the end of the term on May 8, 2009. Plaintiff contracted for this period of 30 days to repay the outstanding balance on the loan or to obtain alternative financing. Therefore, Plaintiff cannot now complain that this 30 days was not a reasonable amount of time and that Defendant breached an implied duty of good faith and fair dealing by not extending him additional time. See Rigby Corp. v. Boatmen's Bank and Trust Co., 713 S.W.2d 517, 535 (Mo. App. 1986) ("The obligation to act in good faith does not bar a party from enforcing whatever legal rights he possesses. In the name of good faith, a party can not be required to forego or surrender a right that he otherwise possesses." (internal quotation marks omitted)).

### B. Irreparable Harm

Plaintiff has not satisfied his burden of establishing that irreparable harm will result if the temporary restraining order is dissolved. Plaintiff alleges that he will not be able to obtain alternative financing to discharge his debt under the Credit Agreement if the assets held by DeWaay are liquidated, and that without such alternative financing his construction business will suffer irreparable harm. However, the Credit Agreement at issue is a consumer credit agreement, so the loan was not meant to finance Plaintiff's business. Likewise, Plaintiff has not shown that he does not have an adequate remedy

3

Case 4:09-cv-00506-ODS   Document 8   Filed 07/14/09   Page 3 of 5

at law. More specifically, in the unlikely event that Plaintiff proves that Defendant breached the Credit Agreement, Security Agreement, and/or the Control Agreements, he has not shown why money damages under the contract cannot be quantified and recovered to make Plaintiff whole.

### C. Balance of Harm vs. Injury to Defendant

Plaintiff has not established that the balance of harms favors maintaining the temporary restraining order. Defendant's legal right to collect a debt in accordance with the terms of the contract outweighs Plaintiff's desire to obtain more time than was allotted in the contract to secure alternative financing.

### D. Public Interest

The Court concludes the public interest is best served by preserving the enforceability of contracts. See, e.g., Neveux v. Webcraft Technologies, Inc., 921 F. Supp. 1568, 1573 (E.D. Mich. 1996). Therefore, the Court need not reach Defendant's argument that great economic harm will result if Plaintiff is allowed to delay it from collecting the debt in accordance with the contract terms.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Order to Dissolve Temporary Restraining Order is GRANTED.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: July 14, 2009          UNITED STATES DISTRICT COURT